UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FARD MALLORY,

        Defendant.
                             /

Case No. 2:17-cr-20053-04

HONORABLE STEPHEN J. MURPHY, III

## ORDER DENYING DEFENDANT'S
## MOTION FOR COMPASSIONATE RELEASE [346]

On May 1, 2020, Defendant Fard Mallory filed an initial motion for release pursuant to the First Step Act's compassionate release provision, 18 U.S.C. § 3582(c). ECF 327. The Court denied the motion because Defendant had failed to satisfy the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A). ECF 342. On June 23, 2020, after Defendant exhausted his administrative remedies through the Bureau of Prisons ("BOP"), he filed a second motion for compassionate release and reiterated his concerns about the COVID-19 pandemic. ECF 346. Defendant represented that he is particularly susceptible to COVID-19 because he suffers from "diabetes, high cholesterol and high blood pressure." *Id.* at 2195. The Government opposed Defendant's request. *See* ECF 355.

To be eligible for compassionate release, Defendant must demonstrate that "extraordinary and compelling reasons" exist to warrant a reduction in sentence. 18 U.S.C. § 3582(c). Section 1B1.13 of the Sentencing Guidelines provides guidance

1

about what constitutes "extraordinary and compelling reasons." U.S.S.G. § 1B1.13. Those reasons are classified in four categories: (1) Defendant's medical condition; (2) Defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" reasons in the first three categories. *Id.* at cmt. n.1(A)–(D). Only the first category—medical conditions—is applicable to Defendant.

But Defendant failed to demonstrate that "extraordinary and compelling reasons" exist to warrant his release from custody. Defendant argued that he suffers from high blood pressure (hypertension), high cholesterol, and diabetes. ECF 346, PgID 2195. First, the CDC does not list high cholesterol as an underlying medical condition that increases the risks associated with COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html. Defendant's high cholesterol therefore does not place him at a high risk for complications associated with COVID-19.

The CDC does, however, list hypertension and type two diabetes as illnesses that create a potentially higher risk for complications associated with COVID-19. *See id.* But compassionate release is proper "only upon a finding of numerous and severe medical conditions that place [Defendant] at a significantly higher risk for severe illness from COVID-19." *United States v. Alzand*, No. 18-cr-20703, 2020 WL 2781824, at *3 (E.D. Mich. May 29, 2020) (collecting cases). And the combination of type two diabetes and pulmonary hypertension is not a "sufficiently 'extraordinary or

compelling' [reason] such that compassionate release is [] necessary." *United States v. Benzer*, No. 13-CR-18, 2020 WL 3172993, at *2 (D. Nev. June 15, 2020); *see also United States v. Phillips*, No. 12-20372, 2020 WL 3071849, at *4 (E.D. Mich. June 10, 2020) (finding hypertension, diabetes, and asthma were not "extraordinary and compelling reasons to reduce [d]efendant's sentence"); *United States v. Bueno-Sierra*, No. 93-cr-00567, 2020 WL 2526501, at *5 (S.D. Fla. May 17, 2020) (denying compassionate release to a defendant with hypertension and diabetes even though "diabetes and hypertension [] are risk factors that are designated in the CDC's guidance" regarding elevated risks associated with COVID-19). Defendant's hypertension and diabetes diagnoses are insufficient to warrant compassionate release, and the Court will therefore deny Defendant's motion.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for compassionate release [346] is **DENIED.**

SO ORDERED.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 14, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 14, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

3